IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALEJANDRO LOPEZ, a married man in his sole and separate right,<br><br>    Plaintiff,<br><br>vs.<br><br>MUSINORTE ENTERTAINMENT CORPORATION, a New Mexico corporation; HURACANES, INC., a California corporation; HERACLIO GARCIA and ROSA GARCIA, husband and wife; FRANCISCO GARCIA and IRMA GARCIA, husband and wife; JESUS GARCIA, a single man; and GUADALUPE GARCIA, a single man,<br><br>    Defendants. | No. CV-03-00167-TUC-CKJ<br><br>**THIRD AMENDED JUDGMENT**<br><br>**(Judgment Amended Pursuant to Mandate to Delete Award of Attorney Fees)** |

This action came on regularly for trial before a jury on January 7, 2008. The Plaintiff presented evidence in support of his complaint, and the Defendants presented evidence in opposition thereto. On January 14, 2008, the case was submitted to the jury for its determination. On January 15, 2008, the jury returned a verdict for the Plaintiff, Alejandro Lopez.

Thereafter Defendants filed motions for judgment as a matter of law, for judgment notwithstanding the verdict, and, in the alternative, for new trial. By order dated August 5, 2008, the Court denied Defendants' motions, except that by said order, the Court amended the jury verdict with regard to future royalties, reserving the issue of future royalties for determination by the Court.

1  Thereafter, the parties having addressed the issue of future royalties by memoranda, the Court determined that Plaintiff is entitled to an accounting of all income received by Defendants in connection with recordings on which Plaintiff performed, beginning from June 30, 2007 through the date of judgment, and quarterly thereafter, and to payment of twenty percent (20%) of all income received by Defendants since June 30, 2007 in connection with recordings on which Plaintiff performed.

Thereafter, Plaintiff applied for an award of attorneys' fees and for taxing of costs and this Court entered its Second Amended Judgment on July 30, 2010 [Doc. 273] awarding attorneys' fees in the amount of $526,083.49 and taxing costs in the amount of $21,337.39.

Thereafter, Defendants filed a notice of appeal in the U.S. Court of Appeals for the Ninth Circuit under Docket No. 09-17417. Thereafter, the Court of Appeals issued its Mandate dated July 7, 2011, filed in this Court July 11, 2011 [Doc. 277]. The Mandate attaches the Court of Appeals Memorandum Decision [Doc. 277-1], affirming the Second Amended Judgment in all respects except that it vacated the award of attorneys' fees.

**PURSUANT TO THE MANDATE, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

The Court hereby enters final judgment of unjust enrichment and damages in favor of Plaintiff Alejandro Lopez. The jury **FINDS** and the Court **ORDERS:**

1. That Defendants Musinorte Entertainment Corporation, a New Mexico corporation; Huracanes, Inc., a California corporation; Heraclio Garcia and Rosa Garcia, husband and wife; Francisco Garcia and Irma Garcia, husband and wife; Jesus Garcia, a single man; and Guadalupe Garcia, a single man (hereinafter jointly and severally referred to as "all Defendants") have been unjustly enriched at the expense of the Plaintiff, Alejandro Lopez.

2. That the Plaintiff, Alejandro Lopez, was damaged by all Defendants.

3. That the damages due Plaintiff Alejandro Lopez are $1,117,000.00 (one million one hundred seventeen thousand and no/100 dollars).

1    4.  That Plaintiff Alejandro Lopez shall have judgment for damages in the amount of $1,117,000.00 (one million one hundred seventeen thousand and no/100 dollars) jointly and severally against all Defendants.

The Court further **ORDERS:**

5.  That Plaintiff Alejandro Lopez have judgment for damages jointly and severally against all Defendants for twenty percent (20%) of all royalties paid to said Defendants since June 30, 2007, and all income paid to them in future, for recordings on which Plaintiff Alejandro Lopez performed.

6.  That the Defendants are ordered to account for and pay to Plaintiff Alejandro Lopez all such income as and when received, but not less often than quarterly.

7.  That prejudgment interest shall run on the judgment for damages against all Defendants, and on all income royalties received between June 30, 2007 and the date of this judgment, at the rate authorized by 28 U.S.C. § 1961(a) as of the week preceding November 14, 2001, which the Court finds to be one and ninety-nine one hundredths of one percent (1.99%) per annum, beginning on November 14, 2001, and shall be compounded annually until the date of entry of this judgment, at which time the prejudgment interest shall be capitalized and incorporated into the judgment.

8.  That post-judgment interest shall run on the judgment against all Defendants at the rate authorized by 28 U.S.C. § 1961(a) on the date of entry of this judgment.

9.  That $21,337.39 be taxed by the Clerk for the Plaintiff and be made part of this judgment.

10. That this Court shall retain jurisdiction to administer said accounting as required.

DATED this 27th day of February, 2012.

_____
Cindy K. Jorgenson
United States District Judge